| STATE OF NORTH CAROLINA | File No. 21 CVS 683 |
|---|---|
| MECKLENBURG County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name And Address Of Plaintiff 1 | |
|---|---|
| VADIM LINNANKIVI<br>4829 SPRING LAKE DRIVE, APT. F<br>CHARLOTTE NC 28212 | **GENERAL<br>CIVIL ACTION COVER SHEET**<br>☐ INITIAL FILING ☒ SUBSEQUENT FILING |
| Name And Address Of Plaintiff 2 | Rule 5(b) of the General Rules of Practice for the Superior and District Courts |

**VERSUS**

Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)

| Name And Address Of Defendant 1 | |
|---|---|
| Meadowbrook CGC LLC<br>c/o Registered Agent Vcorp Services LLC<br>120 Penmarc Drive #118<br>Raleigh NC 27603 | |
| Summons Submitted ☒ Yes ☐ No | Telephone No. 877-600-7212 / Cellular Telephone No. 704-724-2284 |
| | NC Attorney Bar No. 41752 / Attorney Email Address dexter@benoitlawfirm.com |

| Name And Address Of Defendant 2 | |
|---|---|
| Covenant Propety Services Corporation<br>c/o Registered Agent Vcorp Servcies LLC<br>160 Mine Lake Court Suite 200<br>Raleigh NC 27615 | ☒ Initial Appearance in Case ☐ Change of Address |
| | Name Of Firm: Benoit Law Firm, PLLC / Fax No. 800-878-6127 |
| Summons Submitted ☒ Yes ☐ No | Counsel For ☒ All Plaintiffs ☐ All Defendants ☐ Only: (list party(ies) represented) |

☒ Jury Demanded In Pleading  ☐ Complex Litigation  ☐ Stipulate to Arbitration

**TYPE OF PLEADING**

(check all that apply)

- ☐ Amend (AMND)
- ☐ Amended Answer/Reply (AMND-Response)
- ☒ Amended Complaint (AMND)
- ☐ Assess Costs (COST)
- ☐ Answer/Reply (ANSW-Response) (see Note)
- ☐ Change Venue (CHVN)
- ☐ Complaint (COMP)
- ☐ Confession Of Judgment (CNFJ)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL)
- ☐ Contempt (CNTP)
- ☐ Continue (CNTN)
- ☐ Compel (CMPL)
- ☐ Counterclaim (CTCL) Assess Court Costs
- ☐ Crossclaim (list on back) (CRSS) Assess Court Costs
- ☐ Dismiss (DISM) Assess Court Costs
- ☐ Exempt/Waive Mediation (EXMD)
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Failure To Join Necessary Party (FJNP)

- ☐ Failure To State A Claim (FASC)
- ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
- ☐ Improper Venue/Division (IMVN)
- ☐ Including Attorney's Fees (ATTY)
- ☐ Intervene (INTR)
- ☐ Interplead (OTHR)
- ☐ Lack Of Jurisdiction (Person) (LJPN)
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
- ☐ Modification Of Child Support In IV-D Actions (MSUP)
- ☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
- ☐ Petition To Sue As Indigent (OTHR)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Sanctions (SANC)
- ☐ Set Aside (OTHR)
- ☐ Show Cause (SHOW)
- ☐ Transfer (TRFR)
- ☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
- ☐ Vacate/Modify Judgment (VCMD)
- ☐ Withdraw As Counsel (WDCN)
- ☐ Other (specify and list each separately)

**NOTE:** All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

(Over)

| | CLAIMS FOR RELIEF | |
|---|---|---|
| ☐ Administrative Appeal (ADMA) <br> ☐ Appointment Of Receiver (APRC) <br> ☐ Attachment/Garnishment (ATTC) <br> ☐ Claim And Delivery (CLMD) <br> ☐ Collection On Account (ACCT) <br> ☐ Condemnation (CNDM) <br> ☐ Contract (CNTR) <br> ☐ Discovery Scheduling Order (DSCH) <br> ☐ Injunction (INJU) | ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP) <br> ☐ Medical Malpractice (MDML) <br> ☐ Minor Settlement (MSTL) <br> ☐ Money Owed (MNYO) <br> ☐ Negligence - Motor Vehicle (MVNG) <br> ☒ Negligence - Other (NEGO) <br> ☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN) <br> ☐ Possession Of Personal Property (POPP) | ☐ Product Liability (PROD) <br> ☐ Real Property (RLPR) <br> ☐ Specific Performance (SPPR) <br> ☐ Other *(specify and list each separately)* |

Date: 1/25/2021

Signature Of Attorney/Party: [signature]

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) | | |
|---|---|---|---|
| | | | |

| No. | ☐ Additional Defendant(s) | ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|---|
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 3/19
© 2019 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | File No. 21 CVS 683 |
|---|---|
| MECKLENBURG County | In The General Court Of Justice ☐ District ☒ Superior Court Division |

| Name Of Plaintiff | |
|---|---|
| VADIM LINNANKIVI | |
| Address | **CIVIL SUMMONS** |
| 4829 SPRING LAKE DRIVE APT. F | ☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| City, State, Zip | |
| CHARLOTTE NC 28212 | |
| VERSUS | G.S. 1A-1, Rules 3 and 4 |
| Name Of Defendant(s) | Date Original Summons Issued |
| MEADOWBROOK CGC LLC | |
| COVENANT PROPERTY SERVICES CORPORATION | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| MEADOWBROOK CGC LLC | COVENANT PROPERTY SERVICES CORPORATION |
| c/o Registered Agent Vcorp Services LLC | c/o Registered Agent Vcorp Services LLC |
| 120 Penmarc Drive #118 | 160 Mine Lake Court Suite 200 |
| Raleigh NC 27603 | Raleigh NC 27615 |

⚠ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales. **¡NO TIRE estos papeles!**
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| DEXTER G. BENOIT | | | ☐ AM ☒ PM |
| BENOIT LAW FIRM PLLC | Signature | | |
| 1514 SOUTH CHURCH STREET SUITE 106 | | | |
| CHARLOTTE NC 28203 | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

|  | **RETURN OF SERVICE** |  |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA  IN THE GENERAL COURT OF JUSTICE
MECKLENBURG COUNTY  SUPERIOR COURT DIVISION
CASE NO. 21 CVS 683

VADIM LINNANKIVI
individually,

Plaintiff,

vs.

**VERIFIED AMENED
COMPLAINT**

MEADOWBROOK CGC, LLC and COVENANT
PROPERTY SERVICES CORPORATION

Defendants.

NOW COMES the Plaintiff, VADIM LINNANKIVI ("Plaintiff"), by and through his attorneys, BENOIT LAW FIRM, PLLC, and hereby complains of MEADOWBROOK CGC, LLC and COVENANT PROPERTY SERVICES CORPORATION as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, VADIM LINNANKIVI, at all times material, resided in Mecklenburg County, Charlotte, North Carolina.

2. Defendant, MEADOWBROOK CGC, LLC, is a Delaware corporation, conducting continuous and regular business in North Carolina at 9023 E. WT Harris Boulevard, Mecklenburg County, Charlotte and which at the time, owned and operated an apartment known as the Brookridge Apartments ("BROOKRIDGE") at the same address.

3. Upon information and belief, Defendant, COVENANT PROPERTY SERVICES CORPORATION ("COVENANT"), at the subject time, operated and managed the property known as the Brookridge Apartments located at 9023 E. WT Harris Boulevard.

1

4. Venue in this Court is appropriate pursuant to N.C.G.S. §§ 1-79 and 1-82.

5. Jurisdiction is proper pursuant to N.C.G.S. § 1-75.4.

## ALLEGATIONS OF FACT COMMON TO ALL COUNTS

6. At all relevant times, the Defendant, MEADOWBROOK CGC, LLC owned and operated the BROOKRIDGE apartment complex, located at 9023 E. WT Harris Boulevard, Charlotte, North Carolina, 6227 and was authorized to do business and doing business in the State of North Carolina.

7. On or about November 6, 2019, Plaintiff was employed by Door Dash as a delivery driver. As a part of his job, Plaintiff would regularly make food deliveries at various locations around Charlotte.

8. At the subject time, Plaintiff was notified via Door Dash of a food order to the BROOKRIDGE apartment complex.

9. Plaintiff drove to BROOKRIDGE at the subject time and was an invitee.

10. At no relevant time was Plaintiff trespassing on the subject premises.

11. On November 6, 2020, while lawfully on the BROOKRIDGE premises, Plaintiff was violently assaulted, shot and robbed, causing serious and permanent injuries.

## COUNT I - NEGLIGENCE OF DEFENDANT
## MEADOWBROOK CGC, LLC

12. Plaintiff reiterates and re-alleges all the allegations contained in paragraphs one (1) through eleven (11) above of this Complaint as though more fully stated herein.

13. At all material times, the Defendant, MEADOWBROOK CGC, LLC, through its agents and employees, owed a duty to its invitees and the public, to exercise reasonable and ordinary care to keep and maintain its premises in a condition reasonably safe for use by its lawful invitees. In particular, the Defendant had a duty to take such precautions as were reasonably necessary to protect

2

its lawful invitees, including, VADIM LINNANKIVI, from criminal attacks which were reasonably foreseeable.

14. At all material times, the Defendant, MEADOWBROOK CGC, LLC, through its agents and employees, knew or in the exercise of reasonable care should have known that the apartment complex located at 9023 E. WT Harris Boulevard, Charlotte, NC 6227 and areas adjacent thereto, was in a high crime area, that there had been numerous criminal acts and attacks perpetrated on the public in said areas, and that criminal acts and attacks were reasonably likely to be perpetrated on the Defendant's invitees and the public unless the Defendant took steps to provide proper security for such individuals.

15. At all material times, the Defendant, MEADOWBROOK CGC, LLC, through its agents and employees, knew or in the exercise of reasonable care should have known that numerous violent criminal acts including, but not limited to, aggravated assaults and strong arm robberies, had occurred on its premises located at 9023 E. WT Harris Boulevard, Charlotte, NC 6227 and areas adjacent thereto, prior to November 6, 2019.

16. The Defendant, MEADOWBROOK CGC, LLC, through its agents and employees, knew or in the exercise of reasonable care should have known that no individual, including VADIM LINNANKIVI, had it within his power to take the measures necessary to provide for his own security on the premises.

17. As a result of the paragraphs above, at all material times the criminal assault and shooting of VADIM LINNANKIVI was reasonably foreseeable, and the Defendant, MEADOWBROOK CGC, LLC was in a superior position to appreciate such hazards and take necessary steps to prevent harm to its lawful invitees and the public, including but not limited to, VADIM LINNANKIVI.

3

18. At the above mentioned time and place, the Defendant, MEADOWBROOK CGC, LLC, by and through its agents and employees, breached its duty to exercise reasonable care for the safety and protection of its lawful invitees and the public, including VADIM LINNANKIVI, and acted in a careless and negligent manner through the following acts of omission or commission:

    A. Failing to provide adequate security for its lawful invitees and the public, including VADIM LINNANKIVI;

    B. Failing to warn its lawful invitees and the public, including VADIM LINNANKIVI, of the nature and character of the surrounding area when it knew or in the exercise of reasonable care should have known that numerous criminal incidents of a similar nature to the one herein (i.e. crimes against persons) had occurred on and/or near the Defendant's premises prior to the herein incident;

    C. Failing to warn, protect, guard, and secure the safety of its lawful invitees and of the public, including VADIM LINNANKIVI, when the Defendant knew or should have known that the subject premises had a history of similar criminal acts being committed in the area, thereby creating a dangerous condition to those individuals on the premise of BROOKRIDGE;

    D. Failing to police, patrol, guard, deter, and otherwise provide adequate protection for its lawful invitees and the public at the subject premise, when Defendant knew or should have known of foreseeable criminal acts;

    E. Failing to hire and/or retain any private security personnel to patrol and/or monitor the subject premise, thereby protecting its lawful invitees and the public, including VADIM LINNANKIVI;

4

F. Failing to have a sufficient number of guards in visible areas at the subject premise to deter crime, thereby protecting its, lawful invitees and the public, including VADIM LINNANKIVI;

G. Failing to have an adequate number of security guards at the subject premises to protect its lawful invitees and the public, including VADIM LINNANKIVI;

H. Failing to hire and/or retain competent security guards to protect its lawful invitees and the public, including VADIM LINNANKIVI;

I. Failing to properly train security guards to be reasonably skillful, competent, and/or qualified to exercise appropriate and proper security measures so that they could protect its lawful invitees and the public, including VADIM LINNANKIVI;

J. Failing to provide proper and sufficient lighting for the subject premise, including but not limited to exterior building lighting at the premise and surrounding areas;

K. Failing to have surveillance cameras in such locations throughout the subject premise, including but not limited to the exterior of the building and parking lot area;

L. Failing to have an adequate number of surveillance cameras at the subject premise and surrounding areas, including but not limited to the areas of the premises where the incident occurred;

M. Failing to position surveillance cameras in appropriate locations such that the parking area and surrounding areas where the Plaintiff was shot was adequately visually monitored, and/or said cameras would act as a deterrent against criminal activity;

N. Failing to have and/or maintain surveillance cameras in working condition on the subject premise such that every camera was able to monitor and record activity in its line of view;

5

O. Failing to implement adequate security policies, security measures, and security procedures necessary to protect VADIM LINNANKIVI and other lawful invitees and members of the public at the subject premises;

P. Failing to take additional security measures after being put on notice that the security measures in force were inadequate;

Q. Failing to adequately provide an overall security plan for the subject premise that would meet the known industry standards and customs for safety in the community;

R. Failing to provide a reasonably safe structural layout of the subject property upon purchasing said property as a premises;

S. The preceding paragraphs "A" through "R", individually and/or as a whole, represent strict deviations from the existing standard of care with regard to security as recognized by similar premises in the local community; and

T. Additional acts of negligence not yet discovered.

19. The Defendant, MEADOWBROOK CGC, LLC, through its agents and employees, negligently failed to have any procedures governing the inspection, supervision, and/or security of the area where the subject incident occurred; or in the alternative:

A. The Defendant, MEADOWBROOK CGC, LLC, through its agents and employees, did in fact have procedures governing the inspection, supervision, and security of the area where the subject incident occurred; however, the Defendant negligently and carelessly failed to implement said procedures; or in the alternative,

B. The Defendant, MEADOWBROOK CGC, LLC, through its agents and employees, did have procedures governing the inspection, supervision, and

security of the area where the subject incident occurred, but implemented same in a careless and negligent manner.

20. At all material times, the Defendant, MEADOWBROOK CGC, LLC, through its agents and employees, negligently failed to hire persons, employees, and/or agents reasonably suited for providing, implementing and maintaining proper security measures adequate to ensure the safety of its lawful invitees and the public, including the areas of the property where the subject incident occurred.

21. The Defendant, MEADOWBROOK CGC, LLC, through its agents, servants, and employees, created and/or allowed to be created said dangerous conditions as stated above on the subject premises. Further, the Defendant failed to warn its lawful invitees and the public, including but not limited to VADIM LINNANKIVI, of the existence of said dangerous conditions; or in the alternative, did allow said dangerous conditions to exist for a length of time sufficient in which a reasonable inspection would have disclosed same.

22. The negligence of the Defendant proximately caused the injuries of VADIM LINNANKIVI and directly led to the criminal assault and shooting of VADIM LINNANKIVI in the following manner:

    A. There was inadequate and/or nonexistent visible deterrence to prevent said criminal assault.

    B. There was inadequate and/or nonexistent physical deterrence to prevent said criminal assault and murder.

    C. Criminals could carry out physical assaults on the Defendant's premises without fear of being caught, discovered, and/or prosecuted.

    D. An atmosphere was created at the Defendant's premises, which facilitated the commission of crimes against persons.

23. As a direct and proximate result of the negligent conduct of Defendant MEADOWBROOK CGC, LLC, Plaintiff suffered significant and permanent physical injury, emotional distress and other damages in excess of $25,000.

## COUNT II - NEGLIGENCE OF DEFENDANT COVENANT PROPERTY SERVICES CORPORATION

24. Plaintiff reiterates and re-alleges all the allegations contained in paragraphs one (1) through twenty-one (23) above of this Complaint as though more fully stated herein.

25. Defendant COVENANT PROPERTY SERVICES CORPORATION at all times relevant, served as property manager for BROOKRIDGE.

26. At all material times, the Defendant, COVENANT PROPERTY SERVICES CORPORATION, through its agents and employees, owed a duty to its lawful invitees and the public to exercise reasonable and ordinary care to keep and maintain its premises in a condition reasonably safe for use by its lawful invitees and the public. In particular, the Defendant had a duty to take such precautions as were reasonably necessary to protect its lawful invitees and the public, including, VADIM LINNANKIVI, from criminal attacks which were reasonably foreseeable.

27. At all material times, the Defendant, COVENANT PROPERTY SERVICES CORPORATION, through its agents and employees, knew or in the exercise of reasonable care should have known that the apartment complex located at 9023 E. WT Harris Boulevard, Charlotte, NC 6227 and areas adjacent thereto, was in a high crime area, that there had been numerous criminal acts and attacks perpetrated on the public in said areas, and that criminal acts and attacks were reasonably likely to be perpetrated on the Defendant's lawful invitees and the public unless the Defendant took steps to provide proper security for such individuals.

28. At all material times, the Defendant, COVENANT PROPERTY SERVICES CORPORATION, through its agents and employees, knew or in the exercise of reasonable care

8

should have known that numerous violent criminal acts including, but not limited to, aggravated assaults and strong arm robberies, had occurred on its premises located at 9023 E. WT Harris Boulevard, Charlotte, NC 6227 and areas adjacent thereto, prior to November 6, 2019.

29. The Defendant, COVENANT PROPERTY SERVICES CORPORATION, through its agents and employees, knew or in the exercise of reasonable care should have known that no individual, including VADIM LINNANKIVI, had it within his power to take the measures necessary to provide for his own security on the premises.

30. As a result of the paragraphs above, at all material times, the criminal attack and shooting of VADIM LINNANKIVI was reasonably foreseeable, and the Defendant, COVENANT PROPERTY SERVICES CORPORATION was in a superior position to appreciate such hazards and take necessary steps to prevent harm to the lawful invitees and the public, including but not limited to VADIM LINNANKIVI.

31. At the above mentioned time and place, the Defendant, COVENANT PROPERTY SERVICES CORPORATION, by and through its agents and employees, breached its duty to exercise reasonable care for the safety and protection of its lawful invitees and the public, including VADIM LINNANKIVI, and acted in a careless and negligent manner through the following acts of omission or commission:

    A. Failing to provide adequate security for its lawful invitees and the public, including VADIM LINNANKIVI;

    B. Failing to warn its lawful invitees and the public, including VADIM LINNANKIVI, of the nature and character of the surrounding area when it knew or in the exercise of reasonable care should have known that numerous criminal incidents of a similar nature to the one herein (i.e. crimes against persons) had occurred on and/or near the Defendant's premises prior to the herein incident;

9

C. Failing to warn, protect, guard, and secure the safety of its lawful invitees and of the public, including VADIM LINNANKIVI, when the Defendant knew or should have known that the subject premises had a history of similar criminal acts being committed in the area, thereby creating a dangerous condition to those individuals on the premise of COVENANT PROPERTY SERVICES CORPORATION.

D. Failing to police, patrol, guard, deter, and otherwise provide adequate protection for its lawful invitees and the public at the subject premise, when Defendant knew or should have known of foreseeable criminal acts;

E. Failing to hire and/or retain any private security personnel to patrol and/or monitor the subject premise, thereby protecting its lawful invitees and the public, including VADIM LINNANKIVI;

F. Failing to have a sufficient number of guards in visible areas at the subject premise to deter crime, thereby protecting its, lawful invitees and the public, including VADIM LINNANKIVI;

G. Failing to have an adequate number of security guards at the subject premises to protect its lawful invitees and the public, including VADIM LINNANKIVI;

H. Failing to hire and/or retain competent security guards to protect its lawful invitees and the public, including VADIM LINNANKIVI;

I. Failing to properly train security guards to be reasonably skillful, competent, and/or qualified to exercise appropriate and proper security measures so that they could protect its lawful invitees and the public, including VADIM LINNANKIVI;

J. Failing to provide proper and sufficient lighting for the subject premise, including but not limited to exterior building lighting at the premise and surrounding areas;

K. Failing to have surveillance cameras in such locations throughout the subject premise, including but not limited to the exterior of the building and parking lot area;

L. Failing to have an adequate number of surveillance cameras at the subject premise and surrounding areas, including but not limited to the areas of the premises where the incident occurred;

M. Failing to position surveillance cameras in appropriate locations such that the parking area and surrounding areas where the Plaintiff was shot was adequately visually monitored, and/or said cameras would act as a deterrent against criminal activity;

N. Failing to have and/or maintain surveillance cameras in working condition on the subject premise such that every camera was able to monitor and record activity in its line of view;

O. Failing to implement adequate security policies, security measures, and security procedures necessary to protect VADIM LINNANKIVI and other lawful invitees and members of the public at the subject premises;

P. Failing to take additional security measures after being put on notice that the security measures in force were inadequate;

Q. Failing to adequately provide an overall security plan for the subject premise that would meet the known industry standards and customs for safety in the community;

R. Failing to provide a reasonably safe structural layout of the subject property upon purchasing said property as a premises;

S. The preceding paragraphs "A" through "R", individually and/or as a whole, represent strict deviations from the existing standard of care with regard to security as recognized by similar premises in the local community; and

T. Additional acts of negligence not yet discovered.

11

32. The Defendant, COVENANT PROPERTY SERVICES CORPORATION, through its agents and employees, negligently failed to have any procedures governing the inspection, supervision, and/or security of the area where the subject incident occurred, or in the alternative:

    A. The Defendant, COVENANT PROPERTY SERVICES CORPORATION, through its agents and employees, did in fact have procedures governing the inspection, supervision, and security of the area where the subject incident occurred; however, the Defendant negligently and carelessly failed to implement said procedures; or in the alternative,

    B. The Defendant, COVENANT PROPERTY SERVICES CORPORATION, through its agents and employees, did have procedures governing the inspection, supervision, and security of the area where the subject incident occurred, but implemented same in a careless and negligent manner.

33. At all material times, the Defendant, COVENANT PROPERTY SERVICES CORPORATION, through its agents and employees, negligently failed to hire persons, employees, and/or agents reasonably suited for providing, implementing and maintaining proper security measures adequate to ensure the safety of its lawful invitees and the public, including the areas of the building where the subject incident occurred.

34. The Defendant, COVENANT PROPERTY SERVICES CORPORATION, through its agents, servants, and employees, created and/or allowed to be created said dangerous conditions as stated above on the subject premises. Further, the Defendant failed to warn its lawful invitees and the public, including but not limited to VADIM LINNANKIVI, of the existence of said dangerous conditions; or in the alternative, did allow said dangerous conditions to exist for a length of time sufficient in which a reasonable inspection would have disclosed same.

35. The negligence of the Defendant proximately caused the injuries of VADIM LINNANKIVI and directly led to the criminal assault and shooting of VADIM LINNANKIVI in the following manner:

    A. There was inadequate and/or nonexistent visible deterrence to prevent said criminal assault.

    B. There was inadequate and/or nonexistent physical deterrence to prevent said criminal assault and murder.

    C. Criminals could carry out physical assaults on the Defendant's premises without fear of being caught, discovered, and/or prosecuted.

    D. An atmosphere was created at the Defendant's premises, which facilitated the commission of crimes against persons.

36. As a direct and proximate result of the negligent conduct of Defendant COVENANT PROPERTY SERVICES Plaintiff suffered significant and permanent physical injury, emotional distress and other damages in excess of $25,000.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, VADIM LINNANKIVI prays unto this Court:

1. That Plaintiff have and recover judgment against Defendants, MEADOWBROOK CGC, LLC and COVENANT PROPERTY SERVICES CORPORATION, jointly and severally, in an amount in excess of $25,000.00;

2. That the costs of these proceedings be taxed to the Defendant, along with applicable post-judgment interest;

3. That Plaintiff be granted a trial by jury on all issues so triable; and

4. That the Court grant such other relief as it deems just and proper.

13

Case 3:21-cv-00099-FDW-DCK Document 1-1 Filed 03/10/21 Page 17 of 19

This the 22ND day of January 2021.

                        **BENOIT LAW FIRM, PLLC**

                        By: _____
                        Dexter G. Benoit (NC Bar# 41752)
                        Mary F. Parker (NC Bar # 55859)
                        1514 S. Church St. Ste. 106
                        Charlotte, NC 28203
                        P: (877) 600-7212
                        F: (800) 878-6127
                        dexter@benoitlawfirm.com

                        *Attorneys for Plaintiff*

14

Case 3:21-cv-00099-FDW-DCK    Document 1-1    Filed 03/10/21    Page 18 of 19

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing *Civil Action Cover Sheet, Amended Complaint and Summons* has been served on Defendant Covenant Property Services Corporation c/o of Registered Agent, VCorp Services LLC, via certified mail return receipt requested by depositing the same in a postpaid, properly addressed wrapper in a Post Office or official depository under the exclusive care and custody of the United States Post Office to the following:

> Covenant Property Services Corporation
> c/o Registered Agent Vcorp Services LLC
> 160 Mine Lake Court Suite 200
> Raleigh, North Carolina 27615

This the 4th day of February 2021.

**BENOIT LAW FIRM, PLLC**

_/s/ Dexter G. Benoit_

Dexter G. Benoit, Esq.
NC State Bar No.: 41752
Mary F. Parker, Esq.
NC State Bar No.: 55859
1514 S. Church Street
Suite 106
Charlotte, NC 28203
Telephone: (877) 600.7212
Facsimile: (800) 878-6127
dexter@benoitlawfirm.com
mary@benoitlawfirm.com

*Counsel for Plaintiff*
